Filed 12/9/2025 10:56 AM
Lori Caraway
District Clerk
Bowie County, Texas
Stephanie Wetherington, Deputy

CAUSE NO: _25C1442-202_

| | | |
|---|---|---|
| KEVIN SIMS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | |
| | § | |
| MARK SMITH & | § | _____ JUDICIAL DISTRICT |
| AMENTUM HOLDINGS, LLC, | § | |
| | § | |
| *Defendants.* | | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Kevin Sims, complaining of Defendants Mark Smith and Amentum

Holdings, LLC and for cause of action would respectfully show this Honorable Court the following:

## I.    PARTIES

**Plaintiff Kevin Sims** is an individual and resident of Bowie County, Texas.

**Defendant Mark Smith** is an individual residing in Bowie County, Texas. He can be served

at 3658 County Road, 3103 New Boston, TX, 75570.

**Defendant Amentum Holdings, LLC** is a limited liability company with its headquarters

and principal place of business in Fairfax County, Virginia at 4800 Westfields Blvd., Suite 400,

Chantilly, Virginia 20151. It may be served by serving its registered agent for process, C T

Corporation System, 4701 Cox Rd., Suite 285, Glen Allen, Virginia 23060-6808.

## II.    DISCOVERY CONTROL PLAN

The case is intended to be governed by Discovery Level 2.

### III.    CLAIM FOR RELIEF

The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief in excess of $1,000,000, including damages of any kind, penalty, costs, expenses, punitive damages, pre-judgment interest, and attorney's fees.

### IV.    JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit because Defendants have substantial contacts with this forum as they regularly conduct business in the State of Texas. Defendants purposefully availed themselves to the benefits and protections offered by the State of Texas by virtue of its continuous and systematic contacts with Texas. Further, Defendant Smith is a resident of Texas.

Venue is proper pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1) because Defendant Mark Smith's actions towards Plaintiff occurred at 100 James Carlow Drive, Red River Army Depot Building 15, Texarkana, TX 75507-5000. Further, Defendant Mark Smith resides in the forum.

### V.    FACTUAL BACKGROUND

Plaintiff Kevin Sims is an inspector employed by Red River Army Depot. On November 24, 2025, Plaintiff was performing his job duties at the Red River Army Depot facility in Texarkana, Texas. While walking down the center aisle of the facility in an open and visible area, he was violently struck from behind by a forklift operated by Defendant Mark Smith. Smith was a contractor at the facility employed by Defendant Amentum.

At the time of the incident, Smith was operating a forklift carrying a box pallet full of parts. Failing to pay attention, Smith drove the forklift directly into Plaintiff and struck him with the pallet of parts directly behind his knee. The forklift and pallet hit Plaintiff with such force that they threw him back into the forklift, where he hit his head and fell into the box of parts. Plaintiff

immediately became dizzy. He began to experience ringing in his ears, blurry vision, and began to lose consciousness. The collision also destroyed his phone, which was in his pocket at the time.

Immediately after the collision, Plaintiff exclaimed, "Jesus Mark, you hit me with the forklift." Smith jumped off the forklift and said, "Kevin, you all right? I didn't see you." Smith then got back on the forklift until a supervisor instructed him to get off and stop working.

As Plaintiff walked to the office to get help, blood was dripping from his head. He sought help from another inspector and was soon taken for medical evaluation. Despite the severity of the collision, Smith, who had already admitted to not paying attention by not seeing Plaintiff, attempted to downplay the impact, claiming he merely "bumped" Plaintiff and that Plaintiff "got scared and jumped in the box."

Multiple Amentum employees soon thereafter reported that Smith had tested positive for methamphetamine on the post-incident drug test. Amentum employees confirmed that Smith was known to drink alcohol, such as Jack and Coke, from a Yeti cup while on the job, had been looking down at his phone while driving the forklift that day, had been in a bad mood throughout his shift, and had nearly struck other workers during the same shift. Employees stated they "knew he was going to hit someone that night—they just didn't know it would be Kevin Sims."

Plaintiff sought treatment at the Texarkana Emergency Center, where a computed tomography ("CT") scan of his head and neck was performed. The scan confirmed symptoms consistent with Plaintiff's complaints of neck and upper back pain, headaches, dizziness, and visual disturbances.

Plaintiff was severely injured as a result of the occurrence. Plaintiff suffered and still suffers extreme pain as a direct result of Defendants' negligence.

## VI.    CAUSES OF ACTION

### A. NEGLIGENCE

Plaintiff re-alleges each aforementioned allegation.  Defendants owed a duty of reasonable care to the Plaintiff.  Defendants breached the duty of reasonable care in one or more of the following non-exclusive ways, among others:

a.  Failing to adequately supervise, retain, and screen an employee operating dangerous equipment.

b.  Failing to operate the forklift safely;

c.  Failing to maintain a proper lookout;

d.  Operating heavy equipment while impaired by drugs and/or alcohol;

e.  Using a cell phone while driving a forklift;

f.  Failing to ensure a safe work environment for inspectors and personnel on site;

g.  Failing to properly train, supervise, and retain competent forklift operators;

h.  Allowing a visibly unsafe and impaired worker to operate heavy equipment;

i.  Failing to enforce safety rules and forklift operating policies;

j.  Failing to implement adequate traffic-control and pedestrian-safety measures; and

k.  Failing to and/or negligently undertaking to perform services and/or use and maintain equipment, including but not limited to, the forklift, Defendant knew or should have known were necessary for Plaintiff's protection; failing to exercise reasonable care in performing those services or providing that equipment; Plaintiff relied upon Defendant's performance, and/or Defendant's performance increased Plaintiff's risk of harm.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by their

employer, who is therefore liable under the doctrine of *respondeat superior* for the negligent actions of its employees.

### B.  GROSS NEGLIGENCE

Plaintiff re-alleges each aforementioned allegation.  Plaintiff will further show that the acts and/or omissions of Defendants, when viewed objectively from Defendants' standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others, namely those on the work site.  Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

Specifically, among other acts of gross negligence, Defendant knew or reasonably should have known there was inherent risk when operating a forklift while impaired by methamphetamine and/or alcohol. Further, Defendants knew or reasonably should have known there was inherent risk when operating a forklift while operating a cell phone. Further, Defendant Smith was well known to the company and its employees to be a liability – frequently showing up to work drunk or high, or both at the same time, and operating heavy equipment while drinking Jack Daniels from a Yeti cup. Defendant Smith could have avoided the substantial risk of injury to Plaintiff but chose to ignore the risk and consciously refused to take measures to remedy the situation. Instead, Defendant Amentum chose profits over safety, leaving Defendant Smith vulnerable to increasing substantial risk of injury.

Defendants knew or should have known of the risks involved, and their actions and omissions constitute gross negligence and malice as those terms are defined by law. Therefore, Plaintiff prays that punitive damages be awarded against Defendants. Plaintiff further shows that nothing he did or failed to do in any way contributed to this incident.

## VII.    DAMAGES

Plaintiff brings this lawsuit to recover for injuries sustained as a result of this incident. Plaintiff seeks damages for physical impairment in the past and future, medical expenses in the past and future, loss of earning capacity in the past and future, pain and suffering in the past and future; mental anguish in the past and future; disfigurement in the past and future; and loss of household services in the past and future. Plaintiff also seeks punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury. Further, Plaintiff seeks court costs, as well as pre-judgment and post-judgment interest at the appropriate rate allowed by law.

All conditions precedent have been performed or have occurred.

## VIII.    REQUEST FOR JURY TRIAL

Plaintiff respectfully demands a jury trial and tenders the appropriate fee with this petition.

## IX.    PRAYER

Plaintiff prays that Defendants be cited to appear and answer for their conduct, that this case be set for trial without delay. Plaintiff seeks damages well in excess of $1,000,000. Plaintiff prays he recovers a judgment for damages in such amount as the evidence may show and the trier of fact may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, punitive damages, and all other and further relief to which Plaintiff may be justly entitled.

*[Signature on Following Page]*

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    Thomas Colby Holler
    State Bar No. 24126898
    JPMorgan Chase Tower
    600 Travis Street, 75th Floor
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    Email: tbuzbee@txattorneys.com
    Email: choller@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anthony  Buzbee on behalf of Anthony Buzbee
Bar No. 24001820
efiling@txattorneys.com
Envelope ID: 108879669
Filing Code Description: Original Petition w/Jury Demand
Filing Description:
Status as of 12/9/2025 12:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colby Holler | | CHoller@txattorneys.com | 12/9/2025 10:56:23 AM | NOT SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 12/9/2025 10:56:23 AM | NOT SENT |
| The Buzbee Law Firm - | | efiling@txattorneys.com | 12/9/2025 10:56:23 AM | NOT SENT |